## NATIONAL LABOR RELATIONS BOARD v. STATE LABOR RELATIONS BOARD.

United States District Court
S. D. New York.
July 10, 1951.

Norton J. Cone, and Wallace S. Ryza, New York City, for National Labor Relations Board, for the motion.

William E. Grady, Jr., New York City, for State Labor Relations Board, opposed.

HOLTZOFF, District Judge (sitting by designation).

This is a motion by the National Labor Relations Board for a preliminary injunction to restrain the New York State Labor Relations Board from continuing to exercise jurisdiction over a labor dispute involving a taxicab company and several of its taxicab drivers.

An application on the part of a Federal agency to secure an injunction against a state agency from exercising what the latter deems to be its function is a very serious matter. What we have here is in effect a dispute over jurisdiction, both the National and the State Agency claiming authority to act in the controversy. The

New. York Board is an agency of a sovereign state and may not be lightly dealt with by a Federal court.

■ The matter is one that is within the discretion of this Court. There are several circumstances that affect the exercise of that discretion. First, there is considerable doubt whether the National Board has jurisdiction of the labor dispute involved in this action. The Supreme Court has held that taxicab transportation within the limits of a single city is not interstate commerce. United States v. Yellow Cab Co., 332 U.S. 218, 67 S.Ct. 1560, 91 L.Ed. 2010. It is argued, however, by counsel for the National Board that although the taxicab company may not perhaps be engaged in interstate commerce, it nevertheless is engaged in an activity that affects interstate commerce. It is further urged that the National Labor Relations Act, 29 U.S. C.A. § 151 et seq., confers authority upon the National Board to act in matters that affect interstate commerce even though they themselves may not constitute interstate commerce.

How far the phrase "affect interstate commerce" may be carried has not been determined by the authorities. It might be carried to the ridiculous extent of saying that practically every activity directly or indirectly affects interstate commerce. For example, a person about to embark on an interstate journey may go to a store to buy certain articles that he needs in the course of his travels. Surely it does not follow from these facts that the store is engaged in an activity that affects interstate commerce. Where the line is to be drawn this Court need not decide. It is sufficient to say that there is at least considerable doubt whether the National or the State Board has jurisdiction in this instance.

■ Another circumstance that affects the exercise of the discretion of this Court is the fact that the New York Board was the first to assume jurisdiction of this labor dispute, and the National Board did not attempt to supplant it until about two years after the proceeding was commenced before the New York State Board. The pro-

ceeding before the State Board has reached a stage at which a remedy is about to be granted. The National Board is still in the early stages of its consideration of the matter. It is often said that the Government is not affected by laches of its officers and agents. The present application, however, is addressed to the discretion of the Court, and while the National Board may have had valid reasons for not acting sooner, the delay obviously should be taken into consideration in determining whether to grant the extraordinary remedy of a preliminary injunction.

Finally, the parties to the dispute—the employer and the employees—are not represented in this action. Surely they are entitled to be heard on the question as to which of the two bodies has jurisdiction.

■ In the light of all these circumstances, the Court in the exercise of its discretion will deny the application for a preliminary injunction.